IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BABBETTE K. TYLER, Personal Representative of the ESTATE OF ROBERT G. TYLER, Deceased,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC and GOLD KERNAL LLC d/b/a OASISSPACE,<br><br>　　　　Defendants. | CAUSE NO.: 3:22-cv-00279 |

## AMAZON'S NOTICE OF REMOVAL

Defendant Amazon.com Services, LLC ("Amazon") respectfully gives notice of the removal of this civil action from the St. Joseph Superior Court to the United States District Court for the Northern District of Indiana, South Bend Division, pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1443, and 28 U.S.C. § 1446. In support thereof, Amazon states as follows:

**A.    Facts and Parties**

1.    On March 1, 2022, Plaintiff Babbette K. Tyler, Personal Representative of the Estate of Robert G. Tyler, deceased ("Plaintiff"), filed a Summons and Complaint for Damages ("Complaint") in the St. Joseph Superior Court, State of Indiana, under cause number 71D07-2203-CT-00081. (*See generally* Ex. A, Compl. & Summons served on Amazon.)

2.    The Complaint alleges that Mr. Tyler received permanent injuries on March 23, 2021, when his Oasisspace walker (the "Product") broke while he was using it, causing him to fall. (*See* Ex. A, Compl., ¶¶ 2, 22.)

3. Plaintiff alleges that the Product was manufactured by Co-Defendant Gold Kernal LLC d/b/a Oassispace ("Gold Kernal") and sold by Gold Kernal via the Amazon.com online store. (*Id.* at ¶¶ 2, 4, 6.)

4. The Complaint purports to assert claims sounding in negligence and strict liability against Amazon and Gold Kernal, and Plaintiff seeks to recover damages for "permanent personal injuries, pain and suffering and other pecuniary and non-pecuniary losses and damages court costs, and for all other proper relief in the premises." (*See generally id.*)

5. As required by 28 U.S.C. § 1446(a), Amazon has attached to this Notice as Exhibit A "a copy of all process, pleadings, and orders served upon" it. These documents represent every document filed in the state court action.

6. This case is properly removed to this Court under 28 U.S.C. § 1441 because Amazon has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff is not a citizen of the same state as either of the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**B.     Diversity of Citizenship is Established.**

7. Complete diversity exists, and at all relevant times has existed, between the parties to this action.

8. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. 28 U.S.C. § 1332. At all times relevant herein, Plaintiff was and is domiciled in St. Joseph County, State of Indiana. Plaintiff is therefore a citizen of the State of Indiana for the purposes of diversity jurisdiction.

9. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Amazon is a Delaware limited liability company. The

2

sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., which is a Delaware corporation with its principal place of business in Washington. Amazon is therefore a citizen of the States of Delaware and Washington for the purposes of diversity jurisdiction.

10. Gold Kernal is a Delaware limited liability company. Upon information and belief, the member(s) of Gold Kernal are not citizen(s) of the State of Indiana.

11. Because Amazon and Gold Kernal are citizens of different states than Plaintiff, complete diversity of citizenship exists.

### C. The Amount in Controversy Requirement is Satisfied.

12. Based on information and belief, the amount in controversy exceeds $75,000.00. Where, such as here, the complaint does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

13. Under 28 U.S.C. § 1446(c)(2)(B), removal is appropriate if the court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 87-89 (2014) (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "should be accepted when not contested by the plaintiff or questioned by the Court"). Mr. Tyler was suffering from a long-term illness when his Oasisspace walker allegedly "broke and caused him to fall." The Complaint has an open prayer for damages and alleges that as a result of the decedent's fall, Plaintiff sustained "permanent personal injuries, pain and suffering and other pecuniary and non-pecuniary losses and damages." (*See* Ex. A, Compl., ¶ 22.)

14. Further, Counsel for Plaintiff is not willing to stipulate that the amount in controversy is less than $75,000.00.

15. Therefore, a fair reading of the Complaint establishes a reasonable probability that Plaintiff is alleging damages in excess of $75,000.

16. Accordingly, the amount in controversy is satisfied, rendering this matter properly removable under 28 U.S.C. § 1332 and 1441(b).

**D.     Procedural Requirements for Removal.**

17. A Notice of Removal must be filed within thirty (30) days of the defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b).

18. This action is properly removed from the state court to this Court under 28 U.S.C. § 1441, because this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this Notice of Removal meets the requirements of 28 U.S.C. § 1446.

19. None of the impediments to removal under 28 U.S.C. § 1445 are present in this action.

20. The United States District Court for the Northern District of Indiana, South Bend Division, is the United States District Court and division embracing St. Joseph Superior Court, State of Indiana, where this action was filed and is pending. Venue is therefore proper in the United States District Court for the Northern District of Indiana, South Bend Division, under 28 U.S.C. § 1441(a).

21. Copies of the Summons and Complaint for Damages and Request for Jury Trial were served upon Amazon and Gold Kernal on March 8, 2022, by certified mail.

22. Amazon is filing this Notice of Removal with this Court within thirty (30) days after service of Plaintiff's Summons and Complaint for Damages and Request for Jury Trial. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

23. The only other named and served defendant in this action, Gold Kernal, consents to this removal. *See* Exhibit B.

24. Copies of all pleadings, process, and orders served upon Amazon in the state court action are attached as Exhibit A, as required by 28 U.S.C. § 1446(a).

25. As required by 28 U.S.C § 1446(d), a copy of this Removal is being contemporaneously served on Plaintiff, and is being filed with the Clerk of the St. Joseph Superior Court.

26. Amazon expressly reserves all available defenses. By removing this action to this Court, Amazon does not waive any rights or defenses available under federal or state law. Nothing in this Notice of Removal shall be construed as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

WHEREFORE, Defendants Amazon.com Services, LLC respectfully requests that the entire state court action now pending in the St. Joseph Superior Court, State of Indiana, under cause number 71D07-2203-CT-00081 be removed to this Court for all further proceedings and that no further proceedings be held in the St. Joseph Superior Court, State of Indiana.

Dated this 7th day of April, 2022.

Respectfully submitted,

*/s/ Matthew J. Jankowski*
Matthew J. Jankowski (#20972-49)
KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Suite 310
Carmel, IN 460323
*Attorney for Amazon.com Services, LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on the 7th day of April, 2022, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS) / Court's CM/ECF system. I further certify that the following persons were served a true and correct copy on the same date via electronic mail:

Nathan D. Foushee
Ken Nunn Law Office
104 S. Franklin Rd.
Bloomington, IN 47404

Robert T. Keen, Jr.
Barrett McNagny
215 E. Berry St.
Fort Wayne, IN 46801-2263

              /s/ *Matthew J. Jankowski*